STATE OF CONNECTICUT *v.* ELMER F. HORN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 15, 1961

*Elmer F. Horn,* the defendant, pro se.

*William B. Fitzgerald,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-one, pleaded guilty to two counts of carnal knowledge of a minor female and was sentenced to not less than eight and not more than ten years on the first count and two years on the second count.

During the latter part of 1958 and in the early part of 1959, the defendant had sexual relations with a thirteen-year-old girl who, with her family, lived next door to him and his family. On May 26, 1959, he was sentenced to prison for not less than two and not more than five years for attempted burglary. After serving eighteen months, he was released and then resumed having relations with the same girl. The girl was always a willing and helpful participant. At least some, if not all, of the acts of intercourse took place in the girl's house. She weighed about one hundred and seventeen pounds and was five feet seven inches tall, although Horn was fully aware that she was under sixteen years of age. This experience was no novelty for this girl. Police learned of this relationship when the girl was questioned after being apprehended as a runaway. In December, 1960, she was committed to Long Lane School.

The defendant has the following adult record:

September 21, 1954—Waterbury, Conn.—breaking and entering—one year, suspended after four months and probation, one year.

January 4, 1955—Waterbury—probation revoked and sentenced to one year for breaking and entering

and using motor vehicle without permission; sentences to run concurrently.

January 10, 1957—Waterbury—breaking and entering—one year.

November 18, 1958—Waterbury—breach of peace —three months.

May 26, 1959—Waterbury—attempted burglary— two to five years.

The defendant attended school as far as the eighth grade, leaving when he was sixteen. When he was seven, he broke his arm in a fall. Gangrene set in which necessitated the amputation of his arm above the elbow. Due to the loss of his arm, he has had difficulty in getting a job or holding one for any length of time. He obtained employment, when needed, on a part-time basis. In the past, it was believed by officials that the loss of his arm had been a psychological block to him.

Considering the circumstances under which the acts were committed, the girl's willingness and actual co-operation, and her own background, the sentence imposed is too severe and should be decreased. Accordingly, the sentence on the first count is reduced to not less than four and not more than seven years, and the sentence on the second count is reduced to one year.

Shapiro, Covello and Healey, Js., participated in this decision.